UNITED STATES of America

v.

**William R. FENTON.**

Crim. No. 86–00417–01.

United States District Court,
E.D. Pennsylvania.

Feb. 5, 1987.

Richard L. Scheff, U.S. Attorney's Office, Philadelphia, Pa., plaintiff, U.S. Government.

Carol A. Koller, Defender Ass'n of Philadelphia, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

On September 30, 1986, a grand jury returned a two-count indictment against William R. Fenton charging him with violating the federal child pornography laws, 18 U.S.C. §§ 2251–2255 (Supp. III 1985). The defendant has now moved the court to dismiss count one of the indictment as violative of the fifth amendment. For the reasons explained below, the defendant's motion is denied.

Count one of the indictment charges the defendant with violating 18 U.S.C. § 2251(a) (Supp. III 1985). As amended by the Child Protection Act of 1984, § 2251(a) provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished ... if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

The maximum punishment authorized under the Act for first-time offenders is a $100,000 fine and ten years imprisonment.[1] 18 U.S.C. § 2251(c) (Supp. III 1985).

The defendant contends that § 2251(a) violates the due process clause by creating a strict liability serious felony. The defendant argues that § 2251(a) lacks any

---

1. The maximum authorized punishment increases if the defendant has a prior conviction under the statute. In such a case, the defendant may be fined $200,000 and imprisoned for 15 years. 18 U.S.C. § 2251(c) (Supp. III 1985).

element of scienter. As the defendant interprets the statute, if the government can prove that a "visual depiction", violative of the statute, actually traveled in interstate commerce or was mailed, the government escapes the need to establish mens rea. Thus, the defendant reasons that § 2251(a) contravenes the guarantee of due process.

■ Whether the federal child pornography laws would be constitutional as strict liability crimes is uncertain. A statute imposing strict criminal liability is not necessarily rendered unconstitutional because it lacks a scienter element. *Lambert v. California*, 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1957); *United States v. Engler*, 806 F.2d 425, 433 (3d Cir.1986). The due process clause is not offended, for example, where the conduct prohibited by the statute is so obviously wrongful that one could hardly be surprised to learn that committing the forbidden act constitutes unlawful conduct. *Engler*, 806 F.2d at 435 (quoting *United States v. Freed*, 401 U.S. 601, 609, 91 S.Ct. 1112, 1118, 28 L.Ed.2d 356 (1971)). *See, e.g., United States v. Dotterweich*, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943) (shipping adulterated and misbranded drugs); *United States v. Balint*, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922) (selling narcotics). This question, however, need not be addressed here. The court is satisfied that § 2251(a) is not a strict liability statute.

In the only reported opinion considering the fifth amendment argument the defendant raises here, the district court recognized that § 2251(a) requires the government to prove that the accused acted purposefully to produce a visual depiction of sexually explicit conduct. *See United States v. Reedy*, 632 F.Supp. 1415, 1422 (W.D.Okla.1986). In a footnote, the court elaborated on the statute's mens rea element. After reciting the Model Penal Code's four possible mental states—acting purposefully, knowingly, recklessly, or negligently—the court concluded that the federal child pornography statute's require-

ment of purposeful conduct placed upon the government the highest possible mens rea burden. *Id.* at 1422 n. 17.

 I see no misanalysis in the *Reedy* reasoning. To obtain a conviction under 18 U.S.C. § 2251(a), the government bears the burden of establishing, beyond a reasonable doubt, that the defendant acted purposefully to involve a minor in sexually explicit conduct and to produce a visual depiction of that conduct.[2] By demanding proof of purposeful conduct, the statute contains a scienter element. Thus, I find that § 2251(a) is not the strict liability crime the defendant describes, but is rather a specific intent offense. Consequently, the defendant's motion to dismiss is denied.

An order follows.

---

**2.** The government has specifically acknowledged this burden. Memorandum in Support of

Government's Answer to Defendant's Motion to Dismiss at 2.